IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DISABILITY RIGHTS FLORIDA, INC.,**
a Florida non-profit corporation,

          Plaintiff,

v.                                CASE NO. 8:10-cv-2666-T-26TGW

**GRADY JUDD,** in his official capacity as
Sheriff of Polk County, Florida,

          Defendant.
_____/

## AFFIDAVIT OF LINDA SIEMER

**STATE OF FLORIDA**

**COUNTY OF LAKE**

BEFORE ME, the undersigned authority, personally appeared LINDA SIEMER, who first being duly sworn, deposes and says:

1. My name is Linda Siemer. I am over the age of 21, sui juris, and I am employed as an Advocate/Investigator by Disability Rights Florida, Inc., d/b/a Disability Rights Florida and formerly known as the "Advocacy Center for Persons with Disabilities, Inc."[1]

2. My duties and responsibilities include:

---

[1] All references to Disability Rights Florida, Inc., d/b/a Disability Rights Florida, and its predecessors are identified herein as "Disability Rights Florida."

1



    a.    Advocating for person with disabilities in institutional settings and support their return back to the community with appropriate services.

    b.    Investigation of abuse and neglect of individuals with disabilities

    c.    Education of rights training for clients, families and community agencies

3. I have been performing these duties for almost three (3) years.

4. Disability Rights Florida is statutorily charged to protect and advocate on behalf of individuals with developmental disabilities, mental illnesses, and other disabilities as defined by the Rehabilitation Act of 1973.

5. On September 1, 2010, I received a report from a confidential informant that the confidential informant had observed persons with disabilities being subjected to abuse and neglect in the infirmary of the Polk County Jail in Bartow, Polk County, Florida (the "Infirmary") due to patients with disabilities being restrained to beds with single and multi-point restraints.

6. One of the persons identified by the confidential informant as being restrained and injured was Georgia Holloway ("Holloway").

7. Another person was identified as a naked male, who appeared to have a mental illness, being held on a bed in the Infirmary in four point restraints.

8. According to the booking photo, which I observed on the Polk County Jail website, Holloway had entered the Polk County Jail with a full set of teeth

2

in her booking photo, but her front teeth were observed broken after being placed in the Polk County Jail.

9. I personally know the confidential informant.

10. I know the confidential informant's capacity and reputation for veracity, reliability, and the basis for knowledge of the information provided, and had good reason to believe that the information provided was truthful.

11. On September 2, 2010, an attorney from Disability Rights Florida and I went to the Polk County Jail in Bartow to conduct an abuse and neglect investigation.

12. The attorney and I produced our identification cards showing our photos, names, organization, and statutory authority, and disclosed the purpose for our visit, and statutory authority to personnel at the Polk County Jail. A true copy of our photo identification cards is attached hereto as Composite Exhibit "1". A true copy of the Executive Orders presented to the Jail are attached hereto as Composite Exhibit "2"

13. This investigation was conducted pursuant to Disability Rights Florida's finding of probable cause of abuse and neglect occurring at the Infirmary.

14. The attorney and I were refused access to the Infirmary and to the patients in the Infirmary on September 2, 2010.

15. Due to the presence of an attorney from Disability Rights Florida, we were eventually permitted to visit with one known individual from the Infirmary,

Holloway, but such visit was conducted in the Polk County Jail attorney visiting area, rather than in the Infirmary.

16. Holloway, whose hands and wrists were severely contracted on both wrists, was shackled to a wheel chair and had a broken tooth, which was not evident in her booking photograph.

17. On September 3, 2010, the attorney and I returned to the jail and the Infirmary after we were told that we would be able to visit the Infirmary and look at the medical records for Holloway.

18. I was told that Holloway was the only person in the Infirmary within the scope of Disability Rights Florida's access authority.

19. On September 3, 2010, the attorney and I toured parts of the Infirmary, but were not permitted to see all areas or speak with other patients because the people at the Jail stated that the other patients were not within the scope of Disability Rights Florida's access authority.

20. Neither the attorney nor I were permitted to speak with any other patients in the Infirmary on September 3, 2010 other than Holloway.

21. I was with the attorney from Disability Rights Florida at all times while at the Polk County Jail and Infirmary.

FURTHER AFFIANT SAYETH NAUGHT.

_____
LINDA SIEMER

4

SWORN TO AND SUBSCRIBED before me this 13th day of May, 2011, by Linda Siemer, who is personally known to me or has produced the following identification FL Dr License and who did take an oath.

_____
Notary Signature

Renee Evans
Notary Printed Name

RENEE EVANS
Notary Public - State of Florida
My Comm. Expires Apr 10, 2015
Commission # EE 76761

5




**Advocacy Center for Persons with Disabilities, Inc.**
Florida's Protection and Advocacy system for individuals with disabilities, as designated by the Governor of Florida and federal law (PADD: 42 USC 15001, PL 106-402; PAIMI: 42 USC 10801, PL 106-310; PAIR: 29 USC 794E, PL 106-402)

**Linda Siemer**
Advocate/Investigator

2728 Centerview Drive, Suite 102, Tallahassee, Florida 32301
Toll Free 800-342-0823    850-448-9071

The person whose name appears on the front of this card is an employee of the Advocacy Center for Persons with Disabilities, Inc. The person named has been approved to perform all job duties according to the position which they are assigned.

If this card is found, please return to the address on the front of the card.

**COMPOSITE EXHIBIT 1**



Advocacy Center
for Persons with Disabilities, Inc.
Florida's Protection and Advocacy system for
individuals with disabilities, as designated by the
Governor of Florida and federal law (PADD: 42 USC
15001, PL 106-402: PAIMI: 42 USC 10801, PL 106-310,
PAIR: 29 USC 794E, PL 106-402)

**Paul E. Liles, Esquire**
**Senior Trial Counsel**

2728 Centerview Drive, Suite 102, Tallahassee, Florida 32301
Toll Free 800-342-0823    850-448-9071

The person whose name appears on the front of this
card is an employee of the Advocacy Center for
Persons with Disabilities, Inc. The person named
has been approved to perform all job duties
according to the position which they are assigned.

If this card is found, please return to the address on
the front of the card.

# STATE OF FLORIDA
## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 08-240
(Extension of Executive Orders 87-151, 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34)

WHEREAS, by Executive Order 87-151, as extended by Executive Orders 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34, the Governor designated the Advocacy Center for Persons with Disabilities, Inc. as the Protection and Advocacy System for the State of Florida.

NOW, THEREFORE, I, CHARLIE CRIST, Governor of Florida, by virtue of the authority vested in me by the constitution and laws of the State of Florida, issue the following executive order:

Section 1.

Executive Order 87-151, as extended by Executive Orders 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34, designating the Advocacy Center for Persons with Disabilities, Inc. (the "Advocacy Center") as the Protection and Advocacy System for the State of Florida, as provided for in 45 C.F.R. § 1386.20, is hereby amended to provide for an extension of the designation of said body until December 31, 2010, or until such earlier time as this Executive Order is amended or rescinded by further executive order of the Governor.

Section 2.

Executive Order 87-151, as extended by Executive Orders 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34, is hereby further amended to provide that the Advocacy Center shall submit to the Governor or his designee quarterly financial and program reports, and, on January 31st of each year, shall submit to the Governor or his designee a copy of the annual financial and program reports submitted to the federal government for each of the designated advocacy programs including an annual post audit of its financial accounts prepared by an independent certified public accountant;

**COMPOSITE EXHIBIT 2**

Section 3.

Except as amended herein, Executive Order 87-151, as extended by Executive Orders 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34, is hereby ratified and reaffirmed.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed at Tallahassee, this 21st day of November, 2008.

GOVERNOR

ATTEST:

SECRETARY OF STATE

FILED
2008 NOV 21 AM 10:42
DEPARTMENT OF STATE
TALLAHASSEE, FLORIDA

# State of Florida

## OFFICE OF THE GOVERNOR

### EXECUTIVE ORDER NUMBER 87-151

WHEREAS, it is the policy of the State of Florida that no person shall be deprived of any right because of a disability, and

WHEREAS, persons with disabilities may require protection, advocacy or assistance in securing their legal and civil rights, and

WHEREAS, the Congress of the United States has made funds available to the State of Florida to implement the Protection and Advocacy System under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C., ss. 6041-6043, as amended; the Client Assistance Program under the Vocational Rehabilitation Act, 29 U.S.C. s. 732, as amended; and the Protection and Advocacy System for Mentally Ill Individuals under the Protection and Advocacy for Mentally Ill Individuals Act of 1986, 42 U.S.C., ss. 10801-10807, as amended, and

WHEREAS, since 1977 these functions have been faithfully and competently carried out through the staff and members of the Governor's Commission on Advocacy for Persons with Disabilities (hereinafter referred to as the Commission on Advocacy) which presently exists within the Executive Office of the Governor, and

WHEREAS, the independence and effectiveness of the Commission on Advocacy can be strengthened, and the Executive Office of the Governor can increase its efficiency, by placing the Commission on Advocacy outside of state government, and

WHEREAS, in Chapter 87-130, Laws of Florida, the Florida Legislature has authorized the Governor to designate a private nonprofit corporation to receive federal funds to implement the advocacy programs set forth above on behalf of the State of Florida, and

WHEREAS, pursuant to the above statutory authority the Commission on Advocacy for Persons with Disabilities shall be transferred to the designated nonprofit corporation, and

WHEREAS, notice has been published in the Florida Administrative Weekly and hundreds of former clients of the Commission of Advocacy have been notified of the proposed transfer and no objections to the transfer were received.

NOW, THEREFORE, I, BOB MARTINEZ, Governor of Florida, in obedience to my solemn constitutional duty to "take care that the laws be faithfully executed," and pursuant to the Constitution and laws of the State of Florida, do hereby promulgate the following executive order, effective immediately:

Section 1.

Advocacy Center for Persons with Disabilities, Inc., is designated as the agency to implement, on behalf of the State of Florida, the Protection and Advocacy System pursuant to the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C., ss. 6041-6043, as amended, The Client Assistance Program pursuant to the Vocational Rehabilitation Act, 29 U.S.C., s. 732, as amended, and the Protection and Advocacy System for Mentally Ill Individuals pursuant to the Protection and Advocacy for Mentally Ill Individuals Act of 1986, 42 U.S.C., ss. 10801-10807.

Section 2.

All powers, duties, and functions, records, property, and unexpended balances of appropriations, allocations, grants and donations, or other funds of the Governor's Commission on Advocacy for Persons with Disabilities established under Executive Orders 86-224, 85-80, 83-47, 79-81, 78-7, and 77-39 are hereby transferred together with title thereto to the Advocacy Center for Persons with Disabilities, Inc.

Section 3.

Advocacy Center for Persons with Disabilities, Inc. (hereinafter referred to as the designated corporation) shall be organized as a nonprofit corporation pursuant to Chapter 617, Florida Statutes and shall provide for a governing board that insures equitable representation of the interest of persons

with developmental disabilities, the interest of persons with vocational handicaps, and the interest of mentally ill individuals.

Of the members of the governing board, the designated corporation shall insure that:

a. at least one member is a person with a developmental disability, or a parent or guardian of a person with a developmental disability.

b. at least one member is a person who has, or has had, a vocational handicap.

c. at least one member is a person who has received or is receiving mental health services.

The designated corporation shall provide that at no time shall the governing board consist of a majority of members actively engaged in the provision of treatment, habilitation or rehabilitation services to persons with disabilities.

The designated corporation shall provide that each of the members of the Commission on Advocacy shall continue to serve as initial members of the governing board of the designated corporation for a period at least equal to the period remaining on their terms with the Commission on Advocacy.

Section 4.

The designated corporation shall insure compliance with all applicable state and federal laws and regulations and submit to the Governor quarterly financial and program reports, and on December 1, of each year, a copy of the annual financial and program reports submitted to the federal government for each of the designated advocacy programs including an annual postaudit of its financial accounts prepared by an independent certified public accountant.

Section 5.

The designated corporation shall have the capacity to pursue administrative, legal, and other appropriate remedies on behalf of persons with disabilities, and shall have access to confidential client records and facilities as described by Chapter 87-130, Laws of Florida.

Section 6.

The designated corporation will furnish to an individual named by the Governor, notices of disallowances and compliance actions, minutes of the meetings of the governing board, and all other notices and correspondence that may be required to assure compliance with State and Federal laws. Further, the designated corporation will furnish to the official so named, quarterly reports of both financial condition and advocacy programs, and notices of any meetings of the governing board. The named individual will be allowed to attend meetings of the governing board unless the board informs the individual that the meeting is to discuss litigation or proposed litigation against an agency of the State of Florida. The statutory provisions mandating the confidentiality of client records shall bind the individual named by the Governor.

The liaison between the Governor and the designated corporation created by this section is for the purpose of insuring effective coordination and fiscal accountability. Nothing herein shall be interpreted to limit the designated corporations independence to exercise policy decisions.

Section 7.

In consideration of its important public purpose, all departments, officers, agencies and institutions of the state shall cooperate with the designated corporation in the performance of its duties and extend to it whatever benefits, services or assistance as may reasonably be provided.

Section 8.

The designation of Advocacy Center for Persons with Disabilities, Inc. is for the sole purpose of converting the existing Commission on Advocacy for Persons with Disabilities to a nonprofit corporation. The transfer is not intended to interfere in any way with the activities of the Commission on Advocacy which shall continue uninterrupted as the designated nonprofit corporation.

Section 9.

Executive Orders 86-224, 85-80, 83-47, 79-81, 78-7, and 77-39 are revoked, rescinded and repealed and the Governor's Commission on Advocacy for Persons with Disabilities is abolished.

Section 10.

This Executive Order shall be in effect to and including December 31, 1990.

Section 11.

Notwithstanding the provisions of Section 10, it is intended that this Executive Order will be renewed and extended before December 31, 1990, to provide continuous existence to the designation to Advocacy Center for Persons with Disabilities, Inc., as provided for by Federal and State law.

IN TESTIMONY WHEREOF, I have hereunto set my hand and have caused the Great Seal of the State of Florida to be affixed at Tallahassee, the Capitol, this 28th day of September, 1987.

_____
GOVERNOR

ATTEST:

_____
SECRETARY OF STATE



# Advocacy Center
## for Persons with Disabilities, Inc.

Florida's Protection and Advocacy System

September 28, 2010

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL**
Anne T. Gibson, Esquire
Director, Office of Legal Affairs
Polk County Sheriff's Office
1891 Jim Keane Blvd.
Winter Haven, Florida 33880
AGibson@polksheriff.org

RE:   Polk County Jail Records

Dear Ms. Gibson:

As you know, the Advocacy Center for Persons with Disabilities, Inc. ("Advocacy Center") conducted a partial review of records and partial investigation of the Polk County Jail Infirmary in Bartow, Florida ("Jail") on September 3, 2010. This investigation was conducted pursuant to the Advocacy Center's finding of probable cause of abuse and neglect occurring at the Jail. During our visit, we specifically identified some records, as well as policies and procedures for which we wanted copies. We also requested various records from the agency contracted to manage the Infirmary. As of this date, we have not been provided any copies nor received any word as to when such documents might be available.

The Advocacy Center is the state protection and advocacy (P&A) system for individuals with disabilities, designated by the Governor of the State of Florida pursuant to the *Developmental Disabilities Assistance and Bill of Rights Act (DD Act)*, 42 U.S.C. §§15041 *et seq.*, the *Protection and Advocacy for Persons with Mental Illness Act (PAIMI Act)*, 42 U.S.C. §§ 10801 *et seq.*, and the State of Florida, Governor's Executive Orders 08-240 and 87-151. Under federal statute, the Advocacy Center, as Florida's federally mandated P&A, is granted broad authority to protect and advocate for the rights of persons with disabilities.

To ensure that the Advocacy Center's position is clearly understood, I am again providing you with the specific authorities upon which the Advocacy Center relies. Where a P&A has found probable cause to suspect abuse or neglect of a person with a mental illness or developmental disability, the P&A may request and *shall* receive access to records of the individual and to all investigatory reports, documents, and records, whether prepared by an agency charged with investigating reports of abuse and neglect or internally by the facility, including any supporting information and all information reviewed or used in preparing such reports. *See 42 U.S.C. § 15043(a)(2)(B) and 42 C.F.R. § 51.41(c)(2).*

---

1000 North Ashley Drive, Suite 640
Tampa, Florida 33602

www.advocacycenter.org

800.342.0823 or 850.488.9071
Fax 850.488.8640
TDD 800.346.4127

**EXHIBIT 3**