IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DISABILITY RIGHTS FLORIDA, INC.,**
a Florida non-profit corporation,

                Plaintiff,
     v.                                 **CASE NO. 8:10-cv-2666-T-26TGW**

**GRADY JUDD,** in his official capacity as
Sheriff of Polk County, Florida,

                Defendant.
_____/

**PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

**COMES NOW** the Plaintiff, DISABILITY RIGHTS FLORIDA, INC., d/b/a DISABILITY RIGHTS FLORIDA, by and through its undersigned attorneys, pursuant to Fed. R. Civ. P. 56(c), and the Case Management and Scheduling Order, dated February 20, 2011, (Dkt. No. 19), as amended, (Dkt. No. 56), and moves for Summary Judgment against the Defendant, GRADY JUDD, Sheriff of Polk County, Florida, in his official capacity, on the grounds that there are no genuine issues of material fact and, based upon the undisputed facts, which have been filed contemporaneously with this amended motion,[1] DISABILITY RIGHTS FLORIDA is entitled to judgment as a matter of law. As no genuine material facts are in dispute, DISABILITY RIGHTS FLORIDA seeks declaratory

---

[1] References to the Plaintiff's Statement of Undisputed Facts in Support of the Plaintiff's Amended Motion for Summary Judgment, which has been filed contemporaneously with this amended motion, are designated herein as "Undisputed Facts, ¶(¶) (no[s])."

1

and injunctive relief, and the issues in this matter are purely legal questions, summary judgment is appropriate. DISABILITY RIGHTS FLORIDA also seeks its reasonable attorney's fees and costs, to be set forth in a separate motion. In support of its motion for summary judgment, DISABILITY RIGHTS FLORIDA submits herein its memorandum of law.

## I.  STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). The court must review the record, and all its inferences, in the light most favorable to the nonmoving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

## II.  BACKGROUND

Congress has enacted federal legislation that requires each state receiving funds under the *Developmental Disabilities Assistance and Bill of Rights Act,* 42 U.S.C. §§ 15041 *et seq.* ("DD Act"), the *Protection and Advocacy for Individuals with Mental Illness Act*, 42 U.S.C. §§ 10801 *et seq.* ("PAIMI"), and the *Protection and Advocacy of Individual Rights Program of the Rehabilitation Act*, 29 U.S.C. § 794e ("PAIR"),[2] to establish a protection and advocacy system

---

[2] Congress intended that the authorities under the DD, PAIMI and PAIR laws be applied in a consistent manner. *See, e.g.,* S. Rep. 109, 99th Cong., 1st Sess. 3 (1986); S. Rep. 113, 100th

2

("P&A") to protect the rights and interests of persons with developmental disabilities (DD Act), to advocate for all persons with mental illness (PAIMI), and to advocate for persons with physical and other disabilities not covered under either the DD or PAIMI Acts (PAIR). *See Virginia Office for Prot. & Advocacy v. Stewart,* ___ U.S. ___, 131 S. Ct 1632, 1635-36 (2011). Florida receives federal funds under each of these Acts. *See id*, at 1636. In *Stewart*, Justice Scalia noted:

> Under the DD and PAIMI Acts, a P & A system **_must_** have certain **_powers_**. The system "**_shall_** ... **have the authority to investigate incidents of abuse and neglect ... if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred**." § 15043(a)(2)(B); § 10805(a)(1)(A). ….. The Acts also require that a P & A system have authority to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of" its charges. § 15043(a)(2)(A)(i); *see* § 10805(a)(1)(B). And in addition to pressing its own rights, a P & A system may "pursue administrative, legal, and other remedies on behalf of" those it protects. § 10805(a)(1)(C); *see* § 15044(b).

*Id.* (emphasis supplied).

### III.  ARGUMENT

This case involves the interpretation of DISABILTY RIGHTS FLORIDA's federal authority and ability to access the Polk County Jail and Infirmary when

---

Cong., 1st Sess. 24 (1987); S. Rep. 357, S. Rep. 454, 100th Cong., 2nd Sess. 10 (1988); 102nd Cong. 2nd Sess. 100 (1992); 29 U.S.C. § 794e; & *Alabama Disabilities Advocacy Program v. J.S. Tarwater Devtl. Ctr.*, 894 F. Supp. 424, 427 (M.D. Ala. 1995), *aff'd*, 97 F.3d 492 (11th Cir. 1996). As the PAIR Program expressly references and incorporates the authority regarding access to facilities and records for the purpose of investigating abuse and neglect set forth in the DD Act, *see* 29 U.S.C. §§ 794e(f), the statutory and regulatory citations regarding Disability Rights Florida's federal investigative authority are provided herein primarily with respect to the DD and PAIMI Acts.

3

investigating allegations of abuse and neglect. DISABILITY RIGHTS FLORIDA seeks both declaratory and injunctive relief against JUDD. (*See* Dkt. No. 1).

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). DISABILITY RIGHTS FLORIDA must first "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

As JUDD denied, and continues to deny, access to these facilities, there is an actual controversy within the jurisdiction of the Middle District of Florida. (C., ¶¶ 31 & 32;[3] A, ¶¶ 31 & 32[4]). The Complaint involves the review and interpretation of federal statutes (C., ¶¶ 3.c, d & e), and the controversy is real and immediate as DISABILITY RIGHTS FLORIDA cannot fulfill its statutory obligation. *See, e.g.*, 42 U.S.C. § 10801(b)(1) & (2)(B). Thus, the allegations in the Complaint satisfy each of the elements for declaratory relief. *See Dairyland Ins. Co. v. Crews,* 2006 WL 4540451 *3 (M.D. Fla., Dec. 6, 2007) (granting summary judgment in declaratory judgment action).

---

[3] References to the Complaint (Dkt. No. 1), are designated herein as "C., ¶(¶) no[s])." References to exhibits attached to the Complaint are designated as C., Ex. (letter[s])."
[4] References to the Defendant's Answer and Affirmative Defenses to the Complaint (Dkt. No. 17), are designated herein as "A., ¶(¶) (no[s])."

4

### A. DISABILITY RIGHTS FLORIDA IS ENTITLED TO ACCESS TO THE JAIL AND INFIRMARY

DISABILITY RIGHTS FLORIDA is statutorily charged to protect and advocate on behalf of individuals with developmental disabilities, mental illnesses, and other disabilities as defined by the Rehabilitation Act of 1973. *See Advocacy Ctr. for Persons with Disabilities, Inc. v. State, Dep't of Children & Family Servs.*, 721 So. 2d 753, 754 (Fla. 1st DCA 1998). As Florida's federally mandated P&A, DISABILITY RIGHTS FLORIDA is granted broad authority to protect and advocate for the rights of persons with disabilities. *See Stewart*, ___ U.S. at ___, 131 S. Ct. at 1636. As the P&A designated by the State of Florida, DISABILITY RIGHTS FLORIDA is authorized to and will investigate incidents of abuse and neglect of individuals with developmental disabilities and mental illnesses if:

    (a)    incidents are reported to the system ***or***

    (b)    there is probable cause to believe that the incidents occurred.

*See* 42 U.S.C. §§ 10801(b)(1) & (2)(B), 10805(a)(1)(A) & 15043(a)(2)(B). *See also Stewart,* ___ U.S. at ___, 131 S. Ct. at 1636. Both situations exist.

Information supporting a probable cause determination may arise from monitoring or other activities. *See Alabama Disabilities Advocacy Program* v. *J.S. Tarwater Devtl. Ctr.*, 97 F. 3d 492, 498 (11th Cir. 1996); *Georgia Advocacy Office v. Borison*, 520 S.E. 2d 701 (Ga. Ct. App. 1999). It may also be based on reasonable inferences drawn from individual experience or training regarding similar incidents, conditions, or problems that are usually associated with abuse

5

or neglect. *See, e.g.*, 42 C.F.R. § 51.31(g) & 45 C.F.R. § 1386.19. Under federal law, DISABILITY RIGHTS FLORIDA is the final arbiter for purposes of determining if there is probable cause to believe that an individual has been subject to abuse or neglect, or is at significant risk of being subjected to abuse or neglect. *See Arizona Ctr. for Disability Law v. Allen*, 197 F.R.D. 689, 692 (D. Ariz. 2000); *Office of Prot. & Advocacy Programs for Persons with Disabilities v. Armstrong*, 266 F. Supp. 2d 303, 321 (D. Conn. 2003).

      Here, it is uncontroverted that DISABILITY RIGHTS FLORIDA received a report concerning the use of restraints and seclusion at the infirmary in the Polk County Jail. (Undisputed Facts, ¶¶ 6-8). It is also undisputed that Holloway was specifically identified as one person with disabilities who had sustained broken teeth since arriving at the jail. (Undisputed Facts, ¶ 7). It is further undisputed that there were a total of 13 persons in restraints in the Infirmary on September 1, 2010, including Holloway. (Undisputed Facts, ¶ 26). At least four of these individuals had disabilities – either physical or mental – of which JUDD's employees and agents knew or should have known. (Undisputed Facts, ¶¶ 26-33). The confidential informant notified DISABILITY RIGHTS FLORIDA about Holloway and described Harvey's naked restraint, but could not identify him by name. (Undisputed Facts, ¶¶ 6-8). An anonymous informant making a call to a P&A concerning allegations of abuse and neglect can provide the basis for a P&A's finding of probable cause. *See, e.g., J.S. Tarwater Devtl. Ctr.*, 97 F. 3d at 498. As a matter of law, these circumstances support DISABILITY RIGHTS

FLORIDA's finding of probable cause of either abuse or neglect. *See, e.g., See Arizona Ctr. for Disability Law,* 197 F.R.D. at 692; *Armstrong*, 266 F. Supp. 2d at 321*; Pickett v. State*, 922 So. 2d 987, 990-91 (Fla. 3d DCA 2005) (person injured while in another's sole custody provided sufficient probable cause of abuse or neglect).

In order to conduct an abuse or neglect investigation, DISABILITY RIGHTS FLORIDA's authority encompasses access to the facilities, *see* 45 C.F.R. §§ 1386.22(f)-(h), 42 U.S.C. § 10805(a)(3), & 42 C.F.R. § 51.42, which includes interviews with the staff and individuals. *See* 42 C.F.R. §§ 51.42(b) & 45 C.F.R. §§ 1386.22(f)-(h). DISABILITY RIGHTS FLORIDA must be granted reasonable ***unaccompanied access*** to facilities or programs providing services to persons with disabilities for the purposes of conducting an investigation of abuse or neglect. *See* 42 C.F.R §§ 51.42(b)-(e) & 45 C.F.R §§ 1386.22(f)-(h). *See also Equip for Equality, Inc. v. Ingalls Memorial Hosp.,* 292 F. Supp. 2d 1086, 1094-95 (N.D. Ill. 2003). A "facility" or "program" to which DISABILITY RIGHTS FLORIDA is entitled access includes a public or private facility or program providing services, supports, care, treatment or other assistance to persons with disabilities. *See* 42 C.F.R. § 51.2 & 45 C.F.R. § 1386.19. This specifically includes, but is not limited to, a hospital, long-term health care facility, and ***jails*** or ***prisons***. *See* 42 C.F.R. § 51.2 & 45 C.F.R. § 1386.19.

Furthermore, when there is an investigation into allegations of abuse or neglect, this access ***must*** be permitted, ***without advance notice***, and ***at all***

7

*times necessary* to conduct a *full* investigation. *See* 42 C.F.R. § 51.42(b) & 45 C.F.R. § 1386.22(f). *See also Equip for Equality, Inc.,* 292 F. Supp. 2d at 1097-1101 (analyzing basis for unannounced visits). This federal mandate authorizes interviews of program or facility service recipients, *employees*, or *other persons who might have knowledge of the alleged abuse and neglect*. *See* 42 C.F.R. § 51.42(b) & 45 C.F.R. § 1386.22(f). This includes other persons who are in the Infirmary and may have observed individuals in restraints, and to access all areas of the facility which are used by residents or are accessible to residents. *See* 42 C.F.R. § 51.42(b). JUDD knew or should have known that Holloway was not the only person with disabilities in the Infirmary and intentionally denied DISABILITY RIGHTS FLORIDA the right of access to all such persons. Nonetheless, JUDD denied DISABILTY RIGHTS FLORIDA's access to potential witnesses in the Infirmary.

Based upon the foregoing, DISABILITY RIGHTS FLORIDA was entitled to the access it sought to the Polk County facilities and its personnel, including all inmates in the infirmary on September 2 and 3, 2011. Accordingly, summary judgment must enter against JUDD and in favor of DISABILITY RIGHTS FLORIDA on this issue.

### B.  JUDD FAILED TO PROVIDE A WRITTEN STATEMENT OF DENIAL TO DISABILITY RIGHTS FLORIDA

Section 1386.22(i) of Title 45 of the Code of Federal Regulations states:

> If a system is denied access to facilities and its programs, individuals with developmental disabilities, or records covered by

8

> the Act it shall be provided promptly with a written statement of reasons, including, in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities.

*Id.* JUDD never provided any written statement detailing the reasons he denied DISABILITY RIGHTS FLORIDA access to the facilities, despite at least five separate requests for access beginning on September 2 and 3, 2010, and in subsequent written requests on September 28, October 21, and November 2, 2010.[5] (Undisputed Facts, ¶¶ 11, 12, 19 & 22-23). Therefore, JUDD violated 45 C.F.R. § 1386.22(i) and has waived his right to object.

As JUDD has failed to demonstrate any basis for failing to comply with the federal law, JUDD has unclean hands and has waived his rights, judgment must be entered against JUDD and in favor of DISABILITY RIGHTS FLORIDA.

### C.   JUDD'S AFFIRMATIVE DEFENSES

JUDD has asserted three affirmative defenses. The first affirmative defense claims that DISABILITY RIGHTS FLORIDA exceeded the authorization to which it was entitled. (*See* A., ¶ 37). Siemer requested access to the Infirmary to investigate allegations of abuse and neglect. (Undisputed Facts, ¶ 12). JUDD has admitted to receiving detailed letters setting forth the basis for seeking access and the authority upon which DISABILITY RIGHTS FLORIDA relied.

---

[5] By failing to provide access or the written response and interfering with DISABILITY RIGHTS FLORIDA's obligation to protect the rights of persons with disabilities, which arguably constitutes a crime under 18 U.S.C. § 242, JUDD violated 18 U.S.C. § 1512(b)(3) (interference with person in performance of duties to pursue legal relief). *See also U.S. v. Ronda*, 455 F. 3d 1273, 1290-91 (11th Cir. 2006) (seven Miami police officers found guilty of obstruction of justice). Such conduct also constitutes unclean hands and cannot be countenanced by the courts.

9

(Undisputed Facts, ¶¶ 22-24). JUDD has not offered any evidence of claims by Siemer or DISABILITY RIGHTS FLORIDA for access that exceeded what is provided by federal law. Such defense is merely conclusory and is contradicted by the undisputed facts; thus, it is legally insufficient.

The second affirmative defense – failure to provide appropriate authority – *see* A., ¶ 38, which is likewise conclusory and is also addressed in Sections III.A & B above, is refuted by Siemer's affidavit and deposition testimony that describes the production of DISABILITY RIGHTS FLORIDA's identifications to JUDD's employees and agents on September 2 and 3, 2010, and which includes citations to the P&A's statutory authority. (Undisputed Facts, ¶ 11). Moreover, the letters to JUDD on September 28, October 1, and November 2, 2010, each set forth the appropriate authority for access. (Undisputed Facts, ¶¶ 22-24). As JUDD offers no facts in support of the second affirmative defense, it cannot be sustained.

JUDD's third affirmative defense asserts that a failure to state a cause of action for injunctive relief. *See* A., ¶ 39. To obtain injunctive relief, DISABILITY RIGHTS FLORIDA must allege and show four elements:

(1) substantial likelihood of success on the merits;

(2) substantial threat of irreparable injury if the injunction is not granted;

(3) the threatened injury to plaintiffs outweighs the harm an injunction may cause the defendant; and

  (4) granting the injunction would not disserve the public interest.

See *International Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.,* 303 F. 3d 1242, 1246 (11th Cir. 2002).

  As discussed in Parts A and B above, DISABILITY RIGHTS FLORIDA has alleged and shown the statutory right of immediate access to the Infirmary, and to the patients and staff therein when investigating allegations of abuse and neglect of persons with disabilities.  This satisfies the first element.

  A showing of irreparable harm is addressed dispositively in the *Armstrong* decision.

> In order to obtain the permanent injunction it seeks, [the] P&A must show "the absence of an adequate remedy at law and irreparable harm if the relief is not granted." *N.Y. State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1362 (2d Cir.1989). Furthermore, [the] P&A must actually succeed on the merits of its claim and cannot rest, as it may when seeking a preliminary injunction, on a mere showing of a likelihood of success. *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).
>
> In this case, there can be no dispute that [the] P&A has no other adequate remedy at law, and that it will be irreparably harmed if it is "prevented from pursuing fully its right to access records ... in pursuit of its duty to investigate circumstances providing probable cause to believe abuse or neglect may be occurring." *Iowa Prot. & Advocacy Services, Inc. v. Rasmussen,* 206 F.R.D. 630, 635 (S.D.Iowa 2001) (quoting *Gerard Treatment Programs, L.L.C.,* 152 F.Supp.2d at 1173); *see also Wisconsin Coalition for Advocacy, Inc. v. Czaplewski,* 131 F.Supp.2d 1039, 1051 (E.D.Wis.2001); *Advocacy Ctr. v. Stalder,* 128 F.Supp.2d 358 (M.D.La.1999).

*Id.,* 266 F. Supp. 2d at 311. Indeed, "a host of federal authority holds that irreparable harm exists when a P & A system is unable to fulfill its mandate under federal law, that the threatened injury of denying the injunction outweighs the harm caused by the injunction, and that granting the injunction would not disserve the public interest." *J.H. ex rel. Gray v. Hinds County, Miss.,* Dkt. No. 3:11–cv–327–DPJ–FKB 2011 WL 3047667, *2 (S.D. Miss., Jul. 25, 2011) (*citing Mich. Prot. & Advocacy Serv., Inc. v. Evans,* Dkt. No. 09–12224, 2010 WL 3906259, at *5 (E.D. Mich., Sept. 30, 2010); *Connecticut Office of Prot. & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ.,* 355 F.Supp.2d 649, 653 (D .Conn. 2005); *Ohio Legal Rights Serv. v. Buckeye Ranch, Inc.,* 365 F. Supp. 2d 877 (S.D. Ohio 2005); *Wisconsin Coal. for Advocacy, Inc. v. Czaplewski,* 131 F. Supp. 2d 1039 (E.D. Wis.2001); *& Armstrong,* 266 F.Supp.2d 303). Consequently, the remaining elements have also been satisfied.

As the JUDD's third affirmative defense cannot be sustained, summary judgment must enter in favor of DISABILITY RIGHTS FLORIDA.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Hank B. Campbell, Esquire (h.campbell@vcttalawyers.com) & William T. McKinley, Esquire (b.mckinley@vcttalawyers.com), VALENTI CAMPBELL TROHN TAMAYO & ARANDA, P.A., Post Office Box 2369, Lakeland, Florida 33806-2369, Attorneys for the Defendant.

By   s/ Paul E. Liles
Paul E. Liles, Esquire
Florida Bar No. 0921270
Senior Trial Counsel
paull@DisabilityRightsFlorida.org
Lead Trial Counsel
Christopher White, Esquire
Florida Bar No. 0060109
christopherw@disabilityrightsflorida.org
Co-counsel
**Disability Rights Florida, Inc.**
1000 N. Ashley Drive, Suite 640
Tampa, Florida 33602
(850) 488-9071  Telephone
(850) 488-8640  Facsimile

and

By   s/ Kristen Cooley Lentz
Katherine DeBriere
Florida Bar No. 58506
kdebriere@filsinc.org
Kristen Cooley Lentz
Florida Bar No. 649635
klentz@filsinc.org
**Florida Institutional Legal Services, Inc.**
14260 West Newberry Road, Suite #412
Newberry, FL  32669
(352) 375-2494  Telephone
(352) 331-5202  Facsimile
Co-Counsel