UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISABILITY RIGHTS FLORIDA, INC.
a Florida non-profit corporation,

       Plaintiff,

v.                          CASE No. 8:10-CV-2666-T-35TGW

GRADY JUDD, in his official capacity
as Sheriff of Polk County, Florida

       Defendant.

_____

## O R D E R

THIS CAUSE came on for consideration upon the Motion to Tax Costs (Doc. 127), the plaintiff's opposition thereto (Doc. 128), and the defendant's reply (Doc. 132). The matter was referred to me for disposition. For the following reasons, the defendant will be awarded costs under Rule 54(d)(1), F.R.Civ.P. and 28 U.S.C. 1920, in the amount of $2,137.90.

I.

The plaintiff, Disability Rights Florida, Inc., filed a lawsuit against the defendant, Polk County Sheriff Grady Judd, contending that the defendant

failed to cooperate with the plaintiff's investigation of alleged abuse and neglect of persons with disabilities in the infirmary of the Polk County Jail in Bartow, Florida (Doc. 1, see also Doc. 124). After a bench trial, the court concluded there was insufficient evidence to support the plaintiff's claims for declaratory and injunctive relief (Doc. 124, p. 2). Consequently, on January 9, 2012, judgment was entered in favor of the defendant on the plaintiff's complaint (Doc. 125).

The defendant subsequently filed timely a Motion to Tax Costs under Rule 54(d)(1), F. R. Civ. P., in the amount of $3,048.45 (Doc. 127). Initially, the defendant requested reimbursement for service and witness fees, transcription fees, and counsel's travel costs (Doc. 127-3, pp. 3-5). The plaintiff filed a memorandum in opposition to the motion, arguing that the motion should be denied because the defendant unnecessarily prolonged the litigation (Doc. 128). Alternatively, the plaintiff asserts that the requested award should be reduced because it includes non-taxable costs (id.). The matter was referred to me for disposition (see doc. entry 2/7/2012).

Thereafter, the defendant was given an opportunity to file a reply to the plaintiff's objections (Doc. 131). In his reply, the defendant removed

requests for attorney travel expenses, and transcript delivery and exhibit costs, totaling $817.55 (Doc. 132).

## II.

The defendant, as the prevailing party in this case, seeks recovery of costs totaling $2,230.90, pursuant to Rule 54(d)(1), F.R.Civ.P. and 28 U.S.C. 1920 (Doc. 127, p. 2; Doc. 132, p. 4). Specifically, he seeks reimbursement for service of subpoenas, transcript fees, and witness fees (Doc. 132, p. 4). These types of costs are taxable. See 28 U.S.C. 1920(1)-(3).

A. The plaintiff argues that the court should use its discretion to deny the defendant any costs because the defendant allegedly "engaged in practices to unnecessarily prolong this action" (Doc. 128, p. 1). Notably, the defendant suggests that the plaintiff's conduct unnecessarily multiplied this litigation (see Doc. 132, p. 3).

Regardless, under Rule 54(d)(1), F.R.Civ.P., costs "should be allowed to the prevailing party." Thus, "there is a strong presumption that the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). The plaintiff's vague and conclusory allegation that the defendant "unnecessarily prolong[ed] this action" is insufficient to overcome this strong presumption.

The plaintiff also argues that the defendant's costs should be rejected because the defendant failed to confer reasonably with the plaintiff prior to filing this motion (Doc. 128, p. 1). Prior to filing, the defendant provided the plaintiff a copy of the motion to tax costs and attachments, but it lacked some of the detailed information submitted to the court (see Doc. 128-4). However, the plaintiff has not presented any legal authority that this is a cognizable basis to deny costs to a prevailing party. Therefore, this argument is rejected.

B. Alternatively, the plaintiff argues that the defendant's costs award should be reduced because it includes non-taxable items. As indicated, the defendant has removed $817.55 in objectionable costs related to attorney's travel and transcript delivery and exhibit charges. The costs that remain disputed are addressed below.

1. The plaintiff objects to reimbursement of service fees (Doc. 128, pp. 3-4). The plaintiff argues that service of Paul Liles's and Linda Siemer's subpoenas on May 12, 2011, are not compensable because the defendant "unilaterally cancelled the depositions" (id.). The defendant replies that the depositions were cancelled due to the plaintiff's lack of cooperation with discovery (Doc. 132, p. 3). Specifically, the plaintiff filed a Motion for

Protective Order to prohibit Liles's deposition (Doc. 35). At the hearing on that motion, discovery was stayed pending mediation (Docs. 48, 49), thereby necessitating the cancellation of those depositions. Therefore, the defendant is entitled to recover those service costs. The plaintiff also objects to a July 29, 2011, service fee for Liles's subpoena (Doc. 128, p. 4). However, other than stating that it opposed Liles's deposition, the plaintiff does not explain why the defendant is not entitled to recover this cost. Therefore, this objection is also overruled.

The plaintiff additionally contends that service upon Siemer was unnecessary because the plaintiff had agreed to accept service on her behalf (Doc. 128, p. 4). The defendant disputes this representation (Doc. 132, p.3), and the plaintiff has not presented any contemporaneous writing confirming this offer, so the objection is overruled.

The plaintiff argues that the defendant's service of a trial subpoena upon Craig ("Captain") Burke was unnecessary because the plaintiff designated him as a trial witness, and subpoenaed him (Doc. 128, pp. 4, 6). The defendant did not respond to this contention in its reply. Under these circumstances, there is no apparent reason why the plaintiff should have to pay a service fee twice for Burke's trial subpoena. Therefore, this $30.00 cost is rejected.

-5-

Finally, the plaintiff argues that the service fees should be reduced from $55.00 to $30.00 (Doc. 128, p. 4). Private process service fees that do not exceed the statutory fees authorized in §1921 are reimbursable. United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). In this regard, the United States Marshal charges an hourly rate of $55, plus travel costs and other out-of-pocket expenses. 28 C.F.R. 0.114. The defendant represents that his costs do not exceed that rate (Doc. 132, p. 2). Therefore, the plaintiff's objection that the service fees are excessive is overruled. In sum, the defendant is entitled to service fees totaling $225.00.

2. The plaintiff also objects to reimbursement of witness fees totaling $276.30 (Doc. 128, p. 6). The defendant seeks to recover witness fees paid to Linda Siemer for her deposition, and to Craig Burke and N. Jean Murray for their trial attendance (Doc. 127-3, p. 5).

The plaintiff objects to Siemer's fee because her witness fee check was allegedly returned to the defendant (Doc. 128, p. 6). However, the defendant showed in his reply that Siemer did cash that check (Doc. 132, Ex. A). Therefore, the defendant is entitled to reimbursement of this expense.

Next, the plaintiff contends that N. Jean Murray's witness fee

-6-

should not be taxed because Murray is employed with an entity that provides medical services at the defendant's facility (Doc. 128, p. 6). However, as the defendant points out, the plaintiff gives no cogent explanation, nor cites any legal authority, supporting rejection of the witness fee on this basis. Therefore, the objection is overruled.

Finally, the plaintiff objects to Burke's witness fee because he was "subpoenaed to testify by the Plaintiff and was paid a witness fee, which included travel" (Doc. 128, p. 6). The defendant did not dispute this representation in his reply, and he does not explain why the plaintiff should have to pay Craig Burke's witness fee twice. Therefore, that $62.98 cost will be rejected. Otherwise, reimbursement of witness fees, which total $213.32 will be taxed.

In sum, the defendant has shown that he is entitled to reimbursement of $1,699.60 in transcription fees, $225 of service fees, and $213.32 for witness fees. The taxable costs in favor of the defendant in this case are therefore $2,137.90.

It is, therefore, upon consideration

ORDERED:

-7-

That the defendant's Motion to Tax Costs (Doc. 127) is hereby

**GRANTED to the extent** that the defendant is **AWARDED** costs totaling

$2,137.90, pursuant to Rule 54(d)(1), F.R.Civ.P. and 28 U.S.C. 1920.

DONE and ORDERED at Tampa, Florida, this 21 day of March,

2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE